UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SCHAARON L. MARTIN, | Civil No. 13-2894 (MJD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. THOMAS M. KEANE, D.D.S., Dr. JOHN C. MARKER, D.D.S., M.S., and UCARE, | |
| Defendants. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a civil complaint alleging that she received substandard dental care from three named Defendants.[1] The complaint explains in some detail why Plaintiff is dissatisfied with the dental treatment that Defendants allegedly provided to her.[2]

---

[1] Two of the Defendants, Dr. Thomas M. Keane and Dr. John C. Marker, are dentists. The third Defendant, Ucare, is a health care insurer that allegedly facilitated Plaintiff's dental care and treatment.

[2] Plaintiff has submitted numerous documents with her complaint, some of which shed additional light on the nature of her grievances about her dental care, and some of

Plaintiff's complaint indicates that federal subject matter jurisdiction exists in this case, because her claims are based on a "federal question." (Complaint, [Docket No. 1], p. 3, § 3.) However, the "federal question" that supposedly establishes subject matter jurisdiction is identified as "Minnesota Statute 256.045, subd. 7," (id, § 4), which clearly is a Minnesota state law, not a federal law. More significantly, the substantive allegations in Plaintiff's complaint clearly show that she is attempting to sue Defendants for "malpractice," "negligence," and "breach of contract" – all of which are state common law tort theories. The Court must therefore consider whether federal subject matter jurisdiction actually exists in this case.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, it is readily apparent that there are no grounds for federal subject matter jurisdiction. As noted above, the complaint plainly indicates that Plaintiff is seeking relief based on various state common law theories, including dental malpractice, negligence, lack of consent, breach of contract, and misrepresentations. Although the complaint indicates

---

which appear to be wholly unrelated to the allegations presented in the complaint itself.

that Plaintiff's claims are based on federal law, the only specific law cited to support that assertion is a Minnesota state law, Minn.Stat. § 256.045, subd. 7. Furthermore, the factual allegations in the complaint (and attachments) simply do not support any conceivable claim based on federal law. Thus, the Court concludes that federal subject matter jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

It is equally apparent that subject matter jurisdiction cannot exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. The complaint clearly shows that Plaintiff and the three named Defendants are all residents of the same state, namely Minnesota. (Complaint, pp. 1-2, §§ 1-2; p. 3, § 6.) This information is expressly confirmed by the "Civil Cover Sheet" that Plaintiff filed with her complaint. Therefore, subject matter jurisdiction cannot be predicated on diversity of citizenship.

In sum, it is patently obvious that federal subject matter jurisdiction is not present in this case under either the federal question statute, or the diversity of citizenship statute. Because there is no federal subject matter jurisdiction, Plaintiff's current lawsuit cannot be entertained in federal court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

### III. RECOMMENDATION

---

[3] The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court. It is doubtful, however, that Plaintiff's current complaint could survive preliminary review even in state court, because she has not satisfied the pleading requirements for an actionable medical malpractice claim under Minnesota law. See Minn.Stat. § 145.682. Therefore, Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).


Dated: November 1, 2013

                                           s/Franklin L. Noel
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 18, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.